UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
——————————————————————————X

DARREN BREEDEN,

                      Petitioner,

    -against-                                          MEMORANDUM
                                                       AND ORDER
WILLIAM PHILLIPS, Superintendent,                    05-CV-1248 (RJD)
Woodbourne Correctional Facility,

                      Respondent.
——————————————————————————X

DEARIE, United States District Judge:

By Order dated March 21, 2005, petitioner was directed to show cause by affirmation within sixty days, why his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 1993 Kings County conviction should not be dismissed as time-barred. Petitioner's response, received April 25, 2005, fails to demonstrate that the petition is timely. Therefore, the instant petition is dismissed as time-barred.

## BACKGROUND

On March 25, 1993, petitioner was convicted of two counts of criminal possession of a weapon in the second degree.[1] Petitioner's conviction was affirmed on appeal, People v. Breeden, 220 A.D.2d 761; People v. Breeden, 88 N.Y.2d 845 (1993) and became final on July 16, 1996. Williams v. Artuz, 237 F. 3d 147, 150-51 (2d Cir. 2001) (the judgment of conviction

---

[1] The testimony at trial established that petitioner was aware of the plan to kill the victim and that he played a role in the plan. People v. Breeden, 220 A.D.2d 761, 632 N.Y.S.2d 849 (2d Dept 1995). Petitioner's role was to act as a decoy in order to divert the attention of the deceased from petitioner's accomplices so that they could get close to the deceased and shoot him. Id. Petitioner admitted that he knew that his accomplices possessed guns for the specific and expressed purpose of shooting the deceased.

1

becomes final ninety days after the date the Court of Appeals denies leave to appeal). Petitioner alleges that he filed four motions to vacate the judgment pursuant to § 440.10 of the New York Criminal Procedure Law: the first was filed on December 11, 1995 and denied on July 12, 1996, Pet. at 3;[2] the second was filed on September 16, 1999 and denied on November 19, 1999, id.; the third was filed on May 6, 2003 and denied on September 29, 2003, id. at 5, and the fourth was filed on October 12, 2004, denied on January 26, 2005, and leave to appeal is pending. Response at 2-3. Petitioner also filed a motion to reargue, under C.P.L.R. § 2221 on November 6, 2003, which was denied on August 12, 2004.[3] Id. at 2.

On February 23, 2005, petitioner filed the instant petition for a writ of habeas corpus under § 2254. Petitioner asserts the following claims challenging his conviction: (1) that the failure of the state to disclose the cooperation agreement between a witness and the government deprived him of a fair trial; (2) that the prosecution knowingly allowed a witness to give perjured testimony; and, (3) that the prosecutor and the judge had an *ex-parte* communication regarding plaintiff's post-conviction motion while the motion was *sub judice* in 2004.

In his response to the Court's Order to Show Cause why the petition should not be dismissed as time-barred, petitioner argues that the one-year period should be calculated not from

---

[2]The Court has assigned page numbers to the petition for ease of reference.

[3]Petitioner filed this motion to reargue the § 440 motion to contest the alleged *ex parte* communication between the prosecution and the judge regarding petitioner's post-conviction motion while the motion was *sub judice*. Petitioner states that he "only became aware of the communication between [the] court and prosecutor after [the] prosecutor forwarded a copy of its response dated September 22, 2003 to petitioner [7 days before the state court rendered its decision]." Pet. at 15. Petitioner argues that the court relied on the *ex parte* communication because the denial of his motion was "almost a verbatim reading of the prosecutors's responses." Id.

the date the conviction was made final under 28 U.S.C. § 2244(d)(1)(A), but from October 10, 2002, the date that the factual predicate of the instant petition was discovered under 28 U.S.C. § 2244(d)(1)(D). Petitioner also seeks to add four new claims challenging his sentence to consecutive prison terms, response at 2-3, and therefore petitioner requests a stay of the instant petition while he exhausts these new claims in state court.[4]

## DISCUSSION

A. The Statute of Limitations

Congress has set a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244 (d)(1). The one year-year statute of limitations period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the direct review of the petitioner's conviction is concluded;
>
> (B) an unconstitutional or illegal state-created impediment which precluded the petitioner from filing his petition was removed;
>
> (C) a new constitutional right was announced by the Supreme Court, and made retroactively applicable to cases on collateral review; or
>
> (D) the factual predicate for the petition was- or could have been- discovered by the petitioner through exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D). Subsections (B) and (C) are inapplicable here. For reasons set forth more fully below, the petition is time-barred under either subsection (A) or (D).

---

[4] Petitioner alleges that he filed a post-conviction motion raising these claims on October 12, 2004. Said motion was denied January 26, 2005 and plaintiff has sought leave to appeal. Response at 3.

B. The Petition Is Untimely Under Subsection (A)

As calculated above, petitioner's conviction became final July 16, 1997. Therefore, under section 2244(d)(1)(A), petitioner had until July 16, 1998 to timely file his petition. Assuming *arguendo* that the statute of limitations was tolled for the approximately seven months petitioner's first § 440 motion was pending,[5] see, 28 U.S.C. § 2244(d)(2) ("[T]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under the subsection"), none of petitioner's other post-convictions motions tolled the statute of limitations because they were all filed *after* the limitation period had expired. Carey v. Saffold, 536 U.S. 214 (2002) (section 2244(d)(2) tolling provision applies only if petitioner's state post-conviction motion proceedings were pending within the one year grace period). Since the instant petition was submitted to prison authorities February 23, 2005, Noble v. Kelly, 246 F.3d 93 (2d Cir. 2001) (pro se prisoner "files" his habeas petition with the district court when he submits his papers to prison authorities for mailing), the instant petition is untimely as it was filed five years after the statute of limitations expired.

C. The Petition is Untimely Under Subsection (D)

1. Petitioner's Argument

Petitioner contends that his petition is timely because the factual predicate for his petition was not discovered until October 10, 2002, when it came to light that co-defendant Murrell had an agreement with the Kings County District Attorney's Office that had not previously been

---

[5]This motion was filed on December 11, 1995 and was decided on July 12, 1996, before petitioner's conviction was made final on July 16, 1996.

disclosed. Two of the three claims raised in this petition challenge the conviction on the grounds that a "key witness" was permitted to "testify falsely regarding a *quid pro quo* agreement." Pet. at 7. Assuming petitioner's allegations are true for the purpose of this Order, petitioner learned on October 10, 2002, after seven "F.O.I.L." requests, that co-defendant Murrell had an undisclosed agreement with the Kings County district attorney that if he cooperated fully and testified, he would not be prosecuted. Pet. at 8. Murrell was serving two life sentences at the time of petitioner's trial, and testified that his cooperation in defendant's prosecution was pursuant to a federal agreement. Pet. at 8-9. Petitioner argues that Murrell's testimony is "quite deceptive" because it gives the impression that he was only testifying pursuant to the federal agreement. Pet. at 9. Petitioner argues that if the jury had known about the state cooperation agreement (which promised Murrell would not be prosecuted for the crimes charged at petitioner's trial), it may have assessed Murrell's credibility differently. Petitioner's third claim asserts that the prosecutor and the judge had an *ex-parte* communication regarding plaintiff's post-conviction motion while the motion was *sub judice* in 2004.

2. Petition Was Filed Outside the One-Year Period

Assuming *arguendo* that petitioner discovered the factual predicate for the instant petition in 2002, and further assuming *arguendo* that petitioner exercised due diligence in discovering the factual predicate, see e.g. Johnson v. United States, __ U.S. __, 125 S.Ct. 1571, 1580-82 (2005) (§ 2255 petition untimely under analogous provision, § 2255(4), where petitioner failed to exercise due diligence in seeking vacatur order of prior conviction), the petition is still untimely.

Petitioner argues that the date from which the one-year limitations period should be calculated is October 10, 2002, the date he discovered the factual predicate for the claims

regarding Murrell's state cooperation agreement. Thus petitioner had until October 10, 2003 to file his petition. Affording 426 days for statutory tolling[6] for petitioner's properly pending state post-conviction motions, petitioner had until December 9, 2004 to submit his petition. Since the petition was filed February 23, 2005, the petition is untimely by seventy-six days.[7]

D.  Sentencing Claims Are Time-Barred

Petitioner's fourth § 440 motion was filed in 2004 and raises new claims not contained in the instant petition. Section 2244(d)(1)(D), which allows the limitations period to be measured from the date on which the factual predicate of the claim could have been discovered through due diligence, can only apply to a claim for which the factual predicate is neither known nor reasonably discoverable at the time the petitioner's judgment becomes final. Here, petitioner cannot claim that his challenge to his consecutive sentence was unknown to him. Because these claims are based on petitioner's sentencing on July 16, 1996, section 2244(d)(1)(D) is

---

[6] Two hundred-eight (208) days of the one-year limitations period lapsed before petitioner filed his first post-conviction motion to vacate the judgment of conviction pursuant to § 440.10 of the New York Criminal Procedure Law on May 6, 2003. The motion was denied September 29, 2003. Petitioner apparently did not appeal the denial of the motion, but filed a Motion Affecting a Prior Order pursuant to § 2221 New York Civil Practice Law on November 6, 2003, thirty-eight days after the denial of his § 440 motion. Response at 2. The state court denied petitioner's motion on August 12, 2004. Thus the § 440 motion was pending 146 days and the § 2221 motion was pending 280 days, a total of 426 days. Petitioner had 119 days of the one-year limitations period remaining, or until December 9, 2004 to file the petition.

[7] In making this calculation, the Court makes two assumptions: (1) that petitioner's reargument motion pursuant to § 2221 was a "properly filed application for State post-conviction or other collateral review" within the meaning of section 2244(d)(2) and thus tolled the statute of limitations; and, (2) that the thirty-eight days between the denial of petitioner's § 440 motion and the filing of his § 2221 motion should not be included in the tolling period. However, even if the Court were to include those thirty-eight days in the calculation, the petition would still be untimely by thirty-eight days.

inapplicable. See, Celaj v. Artuz, No. 98 Civ. 7365, 2001 WL 736782, at *7 (S.D.N.Y. June 28, 2001) (where the grounds for the habeas claims existed at and before trial, 28 U.S.C. § 2244(d)(1)(D) is inapplicable).

On the circumstances presented, petitioner's unexhausted sentencing claims are time-barred. See, Mayle v. Felix, No. 04-CV-463, 2005 WL 1469153 (U.S. June 23, 2005) (an amended habeas petition does not relate back - and thereby avoid AEDPA's one-year time limit- when it asserts a new ground for relief supported by facts that differ in both time and type from those set forth in the original pleading). Thus, the Court declines to stay the petition to await exhaustion of petitioner's sentencing claims as those claims are time-barred.

## CONCLUSION

For the foregoing reasons, the Court dismisses the instant petition for a writ of habeas corpus as time-barred.

**SO ORDERED.**

RAYMOND J. DEARIE
United States District Judge

Dated: Brooklyn, New York
8/15, 2005